**In re Walter Randolph GILMORE aka Randy Gilmore, Carol Colleen Gilmore, Debtors.**

**Bankruptcy No. 2–88–00446.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Dec. 14, 1988.

Richard L. Gerhardt, Circleville, Ohio, for debtors.

## ORDER DENYING MOTION

R. GUY COLE, Jr., Bankruptcy Judge.

This matter is before the Court upon the motion filed by debtors, Walter and Carol Gilmore, which seeks an order of this Court revoking the Discharge of Debtors entered on June 23, 1988. Debtors' motion states that an order revoking the discharge is sought because "Debtors prior ... [to the discharge's issuance were not] able to reaffirm two (2) real estate loans with the Savings Bank of Circleville and Debtors now desiring [sic] to do so." Debtors' Motion at 1. Presumably, debtors intend to move for reinstatement of the discharge subsequent to their execution and filing of the reaffirmation agreements.

The Court finds that debtors' motion is defective due to noncompliance with L.B.R. 5.4(a).

LBR 5.4(a) provides as follows:

(a) All motions and applications tendered for filing shall be accompanied by a memorandum in support and, except in the case of (1) an ex parte motion or application, or (2) a motion or application, notice of which is issued to all parties in interest, a certificate of service in accordance with LBR 5.0(d).

The motion filed by debtors was not accompanied by a supporting memorandum and, hence, fails to comply with LBR 5.4(a).

As the parties asserting the affirmative, debtors clearly bore the burden of setting forth authority to persuade the Court that the relief requested is appropriate. *See, Lilienthal's Tobacco v. United States,* 97 U.S. 237, 24 L.Ed. 901 (1877); *Joseph A. Bass Co. v. United States,* 340 F.2d 842, 844 (8th Cir.1965) ("It is fundamental that the burden of ... [persuasion] ... rests upon the party who, as determined by the pleadings or the nature of the case, asserts the affirmative of an issue ..."). Supporting authority is of particular importance in this case inasmuch as debtors request extraordinary relief—*i.e.,* revocation and subsequent reinstatement of a discharge. No statutory or case law support was offered to establish that the Court has the authority to vacate the discharge and reinstate the same at a later date. While all parties in interest have been served with debtors' motion and no objection has been lodged, that fact alone is not so compelling to convince the Court to follow the irregular procedure recommended by the debtors. A host of legal and practical difficulties could arise from revocation and subsequent reinstatement of a previously-issued discharge. For instance, pursuant to 11 U.S.C. § 362(c), the automatic stay imposed by § 362(a) continues in effect until the time a discharge is granted or denied. Thus, retroactive vacation and subsequent reinstatement of a discharge, could expose creditors, who have taken action with respect to property of the estate (which would otherwise not be protected by the automatic stay postdischarge), to sanctions under 11 U.S.C. § 362(h). Such creditors' actions would violate the automatic stay which, theoretically, would become effective upon revocation of the discharge. In addition, parties that have extended credit to the debtors in reliance upon the effective date of the discharge could well find that their debts have been discharged by the reinstatement of the discharge at a date subsequent to the date the debts were incurred. Hence, a procedure whereby a previously-issued discharge is vacated and later reinstated bears the potential of causing great prejudice to creditors who have relied upon the previous issuance of a discharge, and importantly, the date of its issuance. Moreover, even if creditors in a particular case

would not actually be prejudiced, the confusion engendered by such a procedure for the creditor body would not be insignificant. Finally, if the Court were to permit such relief on a routine basis, the administrative burden created for the Bankruptcy Clerk would be substantial.

For all of the above reasons, the Court declines to enter an order vacating the discharge previously issued in this case and later reinstating the discharge after debtors have an opportunity to reaffirm two (2) debts with the Savings Bank of Circleville. If additional time was required to enter such reaffirmation agreements, then debtors should have sought, either by motion or by letter, a deferral of the entry of the discharge until such reaffirmation agreements were executed and filed. This procedure is routinely followed by debtors and their counsel in this district.

Based upon the foregoing, the Court finds that the debtors' motion is not well-taken and shall be DENIED.

IT IS SO ORDERED.